IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr246

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| LARKEN MONTELL WRIGHT | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Suppress (Doc. No. 12), the government's Response (Doc. No. 15), the magistrate judge's Memorandum and Recommendation (Doc. No. 17), and the defendant's Objections (Doc. No. 19). For the reasons stated below, the Court having conducted a de novo review of the proceedings DENIES the defendant's Motion to Suppress.

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Carl Horn III was designated to consider and recommend disposition of the defendant's motion. After conducting an evidentiary hearing, the magistrate judge issued a Memorandum and Recommendation on June 20, 2005, recommending that the defendants' motion be denied. (Doc. No. 17: M & R at 8). On June 30, 2005, the defendant filed objections challenging the magistrate judge's determinations: (1) that there was reasonable suspicion to detain the defendant; (2) that the defendant was not in custody when questioned by police regarding the presence of a gun in his vehicle; and (3) that, alternatively, the defendant's statements were admissible under the public safety exception to the Miranda rule announced in New York v. Quarles, 467 U.S. 649 (1984) and discussed in United States v. Mobley, 40 F.3d 688 (4th Cir. 1994). (Doc. No. 19: Objections at 1-3).

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Where timely objections are not filed, a district court is not required to conduct a de novo review, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation omitted). Accordingly, the Court has conducted a de novo review of those portions of the magistrate judge's decision specifically objected to by the defendant and has conducted a careful review of the remainder for clear error.

Upon consideration of the evidence presented at the evidentiary hearing conducted before the magistrate judge and the submissions of the parties, the Court finds, for the reasons stated in the Memorandum and Recommendation, that the police had reasonable suspicion to detain the defendant, and that the defendant was not subject to custodial interrogation when he made admissions about the firearm; therefore, the Court denies the defendant's motion to suppress. Having found that the defendant was not in custody for purposes of Miranda at the time he was questioned about the presence of a firearm in his vehicle, it is not necessary for the Court to reach the magistrate judge's alternative recommendation that the defendant's statement would be admissible under the public safety exception.

**IT IS, THEREFORE, ORDERED,** that this defendant's Motion to Suppress (Doc. No. 12) is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the United States Attorney.

**Signed: November 2, 2005**

_____
Robert J. Conrad, Jr.
United States District Judge